IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARY EMMA WOODS                                                   PLAINTIFF

VS.                       CIVIL ACTION NO. 5:07-cv-130(DCB)(JMR)

R.J. REYNOLDS TOBACCO COMPANY,
BROWN & WILLIAMSON TOBACCO CORPORATION,
AND PHILIP MORRIS USA, INC.                              DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendants R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, and Philip Morris USA, Inc. (collectively "the defendants")'s motion for summary judgment **(docket entry 56)** and motion to expedite **(docket entry 60)**; the defendants' motion to partially strike designation of expert witnesses **(docket entry 74)** and motion to expedite **(docket entry 77)**; the plaintiff's motion to voluntarily dismiss certain claims **(docket entry 80)**; the defendants' motion for summary judgment on the plaintiff's remaining claims **(docket entry 109)**; the plaintiff's motion for additional time to respond to the defendants' motion for summary judgment on the plaintiff's remaining claims **(docket entry 111)**; and the parties' joint motion to continue trial **(docket entry 112)**. Having carefully considered the motions and responses, the memoranda and all supporting documents, and being fully advised in the premises, the Court finds as follows:

In her Complaint, the plaintiff, Mary Emma Woods, alleges that

she began smoking the defendants' tobacco and cigarette products as a child of sixteen in 1952, and that she continued smoking the defendants' products until 1997. Complaint, ¶ 39. She further claims that she started to smoke the defendants' products as a result of the defendants' "false and misleading advertising, fraudulent misrepresentation of facts and negligent misrepresentation and omission of facts about the safety, health consequences, and addictiveness" of their products. Complaint, ¶ 40. Construing the Complaint in the light most favorable to the plaintiff, the Court finds that the plaintiff asserts claims for (1) deceptive advertising, (2) fraudulent misrepresentation, (3) negligent misrepresentation, (4) fraudulent concealment, and (5) negligent concealment.

The defendants contend that they are entitled to summary judgment on all of the plaintiff's claims. The plaintiff has moved for voluntary dismissal of her deceptive advertising and fraudulent misrepresentation claims pursuant to Fed.R.Civ.P. 41.

Federal Rule of Civil Procedure 41(a)(2) provides the standard for the plaintiff's motion for voluntary dismissal: "[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." A district court's grant or denial of a voluntary dismissal, and any conditions

attached thereto, is reviewed under an abuse of discretion standard. <u>Elbaor v. Tripath Imaging, Inc.</u>, 279 F.3d 314, 318 (5th Cir. 2002). The Fifth Circuit Court of Appeals has held that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." <u>Id</u>. at 317. Plain legal prejudice occurs where the grant of a motion for voluntary dismissal causes the nonmovant to be stripped of an otherwise available defense. <u>Id</u>. at 318-19. The defendants do not show that dismissal without prejudice would strip them of an otherwise available defense. However, plain legal prejudice can also exist regarding the timing of a motion for voluntary dismissal. Filing a motion for voluntary dismissal at a late stage in the litigation can be grounds for denying the motion. <u>See</u>, <u>e.g.</u>, <u>Manshack v. Southwestern Elec. Power Co.</u>, 915 F.2d 172, 174 (5th Cir. 1990); <u>Davis v. Huskipower Outdoor Equip. Corp.</u>, 936 F.2d 193, 199 (5th Cir. 1991).

Here, the plaintiff seeks voluntary dismissal without prejudice of two of her five claims against the defendants. The defendants argue that the dismissal should be with prejudice, since the plaintiff's motion was filed after substantial progress had already been made in this action, including the preparation and filing of the defendants' motion for summary judgment, and since dismissal without prejudice would conceivably allow the plaintiff

3

to re-file the dismissed claims.  Defendants' Response to Motion to Voluntarily Dismiss, ¶¶ 2-3.

The Eighth Circuit Court of Appeals has suggested several factors to consider in determining whether to grant a motion for voluntary dismissal: (1) whether the plaintiff has presented a proper explanation for the desire to dismiss, (2) whether the defendants have expended considerable effort and expense in preparing for trial, (3) whether the plaintiff has exhibited "excessive delay and lack of diligence" in prosecuting the case, and (4) whether the defendants have filed a motion for summary judgment.  Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987).  The Eighth Circuit has also noted that "[a]dherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'"  Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006)(quoting Fed.R.Civ.P. 1).  While the Court does not find that the plaintiff has failed to diligently prosecute her case, the remaining factors indicate that the plaintiff's Rule 41 motion should be denied in order to prevent plain legal prejudice to the defendants.  The Court shall therefore proceed to the defendants' motion for summary judgment.

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party "... the pleadings, depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact ... ."  Fed.R.Civ.P. 56©.  In determining whether there are any genuine issues of material fact, this Court must first turn to the applicable law to discern what factual issues are, indeed, material.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Fields v. City of South Houston, Tex.</u>, 922 F.2d 1183, 1187 (5th Cir. 1991).  Then, the Court must examine the evidence of the type listed in Rule 56© to detect the existence or non-existence of a material issue.  <u>Fields</u>, 922 F.2d at 1187.  Further, "... summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson</u>, 477 U.S. at 248.  The Fifth Circuit has added:

> Both the Supreme Court and this circuit have addressed, at length, how much evidence the nonmoving party must present.  The Supreme Court explained that the standard for granting summary judgment mirrors the standard for a directed verdict. ... "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment ... ." ... Nor is the "mere existence of a scintilla of evidence" sufficient ... .  This circuit has described the amount of evidence the nonmoving party must bring forward as "significant probative evidence." ... This may be equated with the "substantial evidence" standard used to determine whether a directed verdict is appropriate.

<u>State Farm Life Ins. Co. v. Gutterman</u>, 896 F.2d 116, 118 (5th Cir. 1990)(citations omitted).

The moving party bears the initial burden of establishing the

5

absence of genuine issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Lavespere v. Niagara Mach. & Tool Works</u>, 910 F.2d 167, 178 (5th Cir. 1990).

Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and show that summary judgment is inappropriate, by establishing the existence of all of the essential elements of that party's cause of action on which the nonmovant will bear the burden of proof at trial. <u>Lavespere</u>, 910 F.2d at 178; <u>Carpenter v. Gulf States Mfrs., Inc.</u>, 764 F.Supp. 427 (N.D. Miss. 1991). The nonmoving party cannot successfully defeat a motion for summary judgment through the use of unsworn statements or suggestions of imminent supporting proof at trial. <u>Pope v. Mississippi Real Estate Comm.</u>, 695 F.Supp. 253 (N.D. Miss. 1988), <u>aff'd</u> 872 F.2d 127 (5th Cir. 1989). The nonmoving party is obligated to oppose the motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. Fed.R.Civ.P. 56(e); <u>Fields</u>, 922 F.2d at 1187. If the opponent fails in his duty, summary judgment is implicated. <u>Id</u>.

The Court must view the evidence submitted by the parties in the light most favorable to the nonmoving party. <u>McPherson v. Rankin</u>, 736 F.2d 175, 178 (5th Cir. 1984). In addition, the Court must "indulge every reasonable inference from [the] facts in favor

of the party opposing the motion." Powers v. Nassau Development Corp., 753 F.2d 457, 462 (5th Cir. 1985).

The Court addresses the plaintiff's five claims seriatim.

I. Deceptive Advertising

The plaintiff's deceptive advertising claim is premised on Miss. Code Ann. § 97-23-3, a criminal statute which provides a civil tort remedy to any party damaged by an untrue, misleading or deceptive advertisement. The statute provides:

> Any person who ... publishes, disseminates, circulates or places before the public ... an advertisement of any sort ... which advertisement contains any assertion, representation or statement of fact which is untrue, deceptive or misleading ... may be held civilly responsible in tort for damages to persons or property proximately resulting from a violation of this section.

Miss. Code Ann. § 97-23-3. Therefore, in order to prevail on her deceptive advertising claim, the plaintiff must meet at a minimum the threshold requirements (1) that she saw or heard an untrue, deceptive or misleading advertisement; and (2) that the advertisement proximately caused her injuries.

The advertising described by the plaintiff included only a "brand name" and "maybe" a picture of people smoking. Statement of Undisputed Facts, ¶ 1. The plaintiff fails to identify any representations about the defendants' cigarette products, much less any representations that were untrue, deceptive or misleading. Id.; Deposition of Mary Emma Woods, pp. 273-74. Furthermore, she concedes that there was nothing deceitful or misleading about the

7

advertising, Woods Depo., pp. 241-42, and that the defendants' advertising did not cause her to start smoking or to continue smoking. Id., p. 242. The plaintiff's deceptive advertising claim is without a substantial basis in fact, and summary judgment is warranted.

II. Fraudulent Misrepresentation

In order to maintain a cause of action for fraudulent misrepresentation, the plaintiff must prove the following elements by clear and convincing evidence:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) [the speaker's] intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) [the hearer's] reliance on its truth, (8) [the hearer's] right to rely thereon, and (9) [the hearer's] consequent and proximate injury.

Levens v. Campbell. 733 So.2d 753, 761-62 (Miss. 1999). In addition, the elements of fraud must be proven by clear and convincing evidence. Id. at 762.

At her deposition, the plaintiff testified that she had neither read nor heard any statements made by any of the defendants. Woods Depo., p. 272; see also Statement of Undisputed Facts, ¶ 7. Nor does the plaintiff claim that she ever heard or read any statements by any industry trade organization that could be attributed to any of the defendants. Woods Depo., pp. 271-72; see also Statement of Undisputed Facts, ¶ 8. She offers no proof that any alleged misrepresentation by any defendant caused her to

8

take any action of any kind. The plaintiff's claim for fraudulent misrepresentation therefore fails as a matter of law.

III. Negligent Misrepresentation

The elements of negligent misrepresentation are:

(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the defendant failed to exercise that degree of diligence and expertise the public is entitled to expect of it; (4) that the plaintiff reasonably relied on the defendant's representations; and (5) that the plaintiff suffered damages as a direct and proximate result of his reasonable reliance.

Skrmetta v. Bayview Yacht Club, Inc., 606 So.2d 1120, 1124 (Miss. 2002). As noted above, the plaintiff has testified she neither heard nor read any statements by the defendants or any statements which could be attributed to the defendants. However, in her response to the motion for summary judgment as it pertains to her negligent misrepresentation claim, the plaintiff asserts for the first time that while she did not read or hear any statements by or attributed to the defendants, she relied on information disseminated by the defendants to her children and her physicians, information that was then passed on to her. Plaintiff's Response, pp. 10-13.

The Mississippi Supreme Court has adopted § 311 of the Restatement (Second) of Torts (1965), which states: "One who negligently gives false information to another is subject to liability for physical harm caused by action taken by the other in reasonable reliance upon such information, where such harm results

9

... to such third persons as the actor should expect to be in peril by the taken action." Clark v. St. Dominic-Jackson Memorial Hosp., 660 So.2d 970, 974 (1995).

In the recent case of Jowers v. BOC Group, Inc., 2009 WL 995613 (S.D. Miss. April 14, 2009), an employee of Ingalls Shipyard sued the manufacturers of welding rod consumables for injuries allegedly caused by inhalation of welding fumes at work. Jowers invoked indirect reliance as part of his claim for negligent misrepresentation against the manufacturers. Id. at *10. He admitted that he had never read any of the materials shipped by the defendants with their products; however, he asserted that agents of his employer, Ingalls, had read the materials in which the defendants made representations regarding the hazards (or lack thereof) associated with welding, and that he relied on these representations indirectly because Ingalls conveyed this information to him, as the defendants intended. Id. at *5.

In denying the defendants' motion for summary judgment, the court found that Jowers alleged that the defendants negligently "gave false information regarding welding fume safety to Ingalls (knowing the information would be passed on to Ingalls welders), the defendants knew or should have known this information would induce Jowers to take insufficient protective measures when welding, Jowers and other Ingalls welders actually relied on the false information provided by the defendants, and Jowers' reliance

10

and actions involved an unreasonable risk of physical harm." Id. at *8. The court further found that the plaintiff's assertions had a colorable evidentiary basis sufficient to defeat the defendants' summary judgment motion. Id.

The court noted that Jowers would "be allowed to pursue a theory of negligent misrepresentation premised upon <u>indirect</u> reliance on affirmative misrepresentations made by a defendant to Ingalls." Id. at *10 (emphasis in original). However, the court also cautioned that in order to prevail on this claim, Jowers was required to show: "(a) a defendant made an affirmative misrepresentation to Jowers' employer; (b) the defendant reasonably expected that the employer would convey substantially the same affirmative misrepresentation to Jowers; © the employer actually did so; and (d) Jowers actually and reasonably relied upon the affirmative misrepresentation." Id.

In her response to the motion for summary judgment, Woods alleges that "the defendants made misrepresentations or omissions of fact about the health consequences of smoking and the addictiveness of nicotine." Plaintiff's Response, p. 13. She then recites that the "misrepresentations and omissions were material," and that the defendants "failed to exercise ordinary care in disclosing what they knew about the health risks of smoking and the addictiveness of cigarettes." Id. The plaintiff also contends:

> The evidence shows that Ms. Woods reasonably relied upon the information about the adverse health effects of

11

> smoking and addition [sic] disseminated by the defendants to the public and the medical and scientific community including her physicians and children. The evidence also clearly shows that Ms. Woods was injured by those misrepresentations and omissions. Based upon this record, plaintiff has established her negligent misrepresentation claim.

Id.

However, Woods testified that she never saw, heard, or relied on any statements made by any tobacco company regardless of who passed them on to her. Woods Depo., pp. 271-74. Her January 30, 2009, Declaration neither identifies a single statement made by any defendant, nor alleges that she heard or relied on any such statement directly or indirectly. Declaration of Mary Emma Woods, pp. 1-3. The only statements by any of her children or physicians referenced in her declaration are: (1) "In the late 1990's, around 1999, Dr. Windham and Dr. Pittman told me I had throat cancer. Dr. Windham and Dr. Pittman told me smoking caused my throat cancer." Declaration, ¶ 13; (2) My daughter, Mary Lee, told me that smoking was addictive in the 1970's, but by that time I was addicted having cigarette fits." Declaration, ¶ 21.

Since the plaintiff does not identify any alleged misrepresentation made by any defendant that was passed on to her through a third party, does not demonstrate that a third party received and passed on any misrepresentation to her, and does not demonstrate that she relied on any such misrepresentation, nor that such reliance proximately caused her injuries, her claim for

negligent misrepresentation lacks a colorable evidentiary basis sufficient to defeat the defendants' summary judgment motion. Although Woods does not argue indirect reliance as a basis for her fraudulent misrepresentation claim, the Court finds that had she done so, her claim would not survive summary judgment for the same reasons.

IV. <u>Fraudulent Concealment</u>

"[I]n Mississippi, mere silence or nondisclosure of material facts by a manufacturer does not support a finding of fraudulent concealment brought by the ultimate consumer." <u>Harris v. Brush Engineered Materials, Inc.</u>, 2005 WL 3806048 at *2 (S.D. Miss. Feb. 18, 2005). "In Mississippi, a claim of fraud by omission arises only where the defendant had a duty to disclose material facts purportedly omitted. This duty generally arises only where there is a fiduciary relationship between the parties." <u>Taylor v. Southern Farm Bureau Cas. Co.</u>, 954 So.2d 1045, 1049 (Miss. Ct. App. 2007). As the court in <u>Jowers</u> stated, "Unless and until a Mississippi court states that Mississippi law allows for an omissions-based fraud claim in circumstances that, at the least, are very similar to those in this case ... this Court must conclude that conscious misrepresentation claims based on omissions or half-truths will fail as a matter of law." <u>Jowers</u>, 2009 WL 995613 at *7.

As additional support for their motion for summary judgment,

the defendants cite the following cases: Ruth v. A.O. Smith Corp., 2005 WL 2978694 at *4 (N.D. Ohio Oct. 11, 2005)(applying Mississippi law and granting summary judgment on plaintiff's claim of fraud by omission because no fiduciary duty arises between product-user and product-manufacturer); Burton v. R.J. Reynolds Tobacco Co., 397 F.3d 906, 911-12 (10th Cir. 2005)(applying Kansas law stating "a buyer/seller relationship does not create a fiduciary duty" and "we do not believe that Kansas would extend ... fraudulent concealment claims against a manufacturer of cigarettes"); Jeter v. Brown & Williamson Tobacco Co., 113 Fed. Appx. 465, 469 (3rd Cir. 2004)("no fiduciary relationship or confidential relationship exists between a manufacturer of cigarettes and consumers of cigarettes, which gives rise to a duty to speak or disclose information").

Because the plaintiff has failed to plead, much less demonstrate, any basis for a fiduciary or other confidential relationship between the plaintiff and the defendants, the plaintiff's fraudulent concealment claim lacks a substantial basis in fact and summary judgment is warranted.

V. Negligent Concealment

The plaintiff's negligent concealment claim fails for the same reason as her fraudulent concealment claim. See Rogers v. Shelter Mut. Ins. Co., 2006 WL 839551 at *4 (S.D. Miss. March 30, 2006)("Claims for fraudulent and/or negligent 'omissions' depend on

14

the existence of a fiduciary or other confidential relationship.");
Frye v. American General Finance, Inc., 307 F.Supp.2d 836, 842
(S.D. Miss. 2004)("The plaintiffs' claims for fraudulent and
negligent 'omissions' are likewise dependent on the existence of a
fiduciary or other confidential relationship."). Summary judgment
shall therefore be granted.

The plaintiff has failed to demonstrate a genuine issue of material fact as to any of her claims. Summary judgment shall therefore be granted as to all claims. Accordingly,

IT IS HEREBY ORDERED that defendants R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, and Philip Morris USA, Inc.'s motion for summary judgment **(docket entry 56)** is GRANTED;

FURTHER ORDERED that the plaintiff's motion to voluntarily dismiss certain claims **(docket entry 80)** is DENIED;

FURTHER ORDERED that the defendants' motion to expedite **(docket entry 60)**; the defendants' motion to partially strike designation of expert witnesses **(docket entry 74)** and motion to expedite **(docket entry 77)**; the defendants' motion for summary judgment on the plaintiff's remaining claims **(docket entry 109)**; the plaintiff's motion for additional time to respond to the defendants' motion for summary judgment on the plaintiff's remaining claims **(docket entry 111)**; and the parties' joint motion to continue trial **(docket entry 112)** are MOOT.

A final judgment dismissing all claims with prejudice shall be entered in compliance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 18th day of June, 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE